OPINION
{ ¶ 1} Appellant, Charleen Fluharty, paternal grandmother of the subject children, appeals the trial court's judgment adopting the magistrate's decision dismissing her complaint for ex parte custody. We affirm.
{ ¶ 2} In May 2005, appellee, Melissa Fluharty, and her three minor children were residents of Louisiana. At that time, Bryan Fluharty, the children's natural father, was deployed with the United States Army in Iraq. Appellant, on the other hand, was a resident of the state of Ohio.
{ ¶ 3} Sometime during May 2005, the children came to Ohio to visit appellant. The children were to return to Louisiana on August 5, 2005. However, in August appellant refused to return the children due to an allegation by one of the children that appellee was using drugs with her boyfriend in their home. Based upon these allegations, appellant filed a complaint for ex parte custody.
{ ¶ 4} On August 15, 2005, after considering appellant's complaint and supporting affidavit, the trial court granted appellant's ex parte custody request; the order was set to expire on September 13, 2005. A hearing was set on appellant's complaint for September 8, 2005. However, appellee was unable to attend due to the effects of Hurricane Katrina. The hearing was rescheduled for November 28, 2005 and, in the meantime, the court extended appellant's temporary emergency custody until December 13, 2005.
{ ¶ 5} At the November 28, 2005 hearing, appellee challenged the trial court's jurisdiction. The court immediately instructed the parties to submit memoranda of law and argument on the issue. While this matter was pending, on December 13, 2005, appellee filed a petition for divorce from the children's natural father. The petition also included a request for custody of the subject children.
{ ¶ 6} After the jurisdictional memoranda were submitted, the magistrate determined the court did not possess jurisdiction over the children pursuant to the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"). Accordingly, the magistrate dissolved appellant's ex parte, temporary custody order, dismissed her action, and ordered the return of the children to appellee in Louisiana. On December 28, 2005, the trial court adopted the magistrate's decision. On January 11, 2006, appellant filed a motion for reconsideration which the trial court denied January 17, 2006. Appellant now appeals and asserts the following assignment of error for our review:
{ ¶ 7} "The trial court erred in dismissing petitioner-appellant's [sic] complaint for ex-parte custody."
{ ¶ 8} R.C. 2151.23(A)(2) provides that the juvenile court has exclusive original jurisdiction to determine custody of a child who is not a ward of a court of this state. R.C. 2151.23(F)(1) enables a juvenile court to exercise jurisdiction in custody matters in accordance with R.C. 3127.01 to R.C. 3127.53 of the UCCJEA. A juvenile court has the discretion under the UCCJEA to assume jurisdiction in cases involving an interstate change of custody proceeding. In re Zak, 11th Dist. Nos. 2001-L-216, 2001-L-217, and 2001-L-218, 2003-Ohio-1974, at ¶ 11. We are bound to affirm the trial court's decision regarding jurisdiction absent an abuse of discretion. In re Smith (Dec. 4, 1998), 11th Dist. No. 98-A-0033, 1998 Ohio App. LEXIS 5805, 6.
{ ¶ 9} Appellant first argues that the trial court erred in considering the children's home state in an emergency temporary custody action. We disagree.
{ ¶ 10} Appellant's complaint for ex parte custody was filed on August 12, 2005. An ex parte complaint, by definition, is one filed by or for one party without notice or challenge from the opposing party. As such, appellee was neither present nor even notified of the action. The ex parte complaint sought and "emergency" award of custody "in order to protect the minor children." At the November 28, 2005 hearing, appellee's first opportunity to address the court, she challenged the juvenile court's exercise of jurisdiction.
{ ¶ 11} R.C. 3127.06 provides "[u]pon the request of a party to a child custody proceeding that raises the question of existence or exercise of jurisdiction under [R.C.] 3127.01 to 3127.53 * * *, the question shall be given calendar priority and handled expeditiously." In keeping with R.C. 3127.06, the court ordered the parties to submit memoranda on the jurisdictional issue.
{ ¶ 12} R.C. 3127.15 governs an Ohio court's jurisdiction to render initial determinations in matters of custody. It provides:
{ ¶ 13} "(A) Except as otherwise provided in [R.C.] 3127.18 * * *, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following apples:
{ ¶ 14} "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
{ ¶ 15} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under [R.C.] 3127.21 or 3127.22 * * *, or a similar statute of the other state, and both of the following are the case:
{ ¶ 16} "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
{ ¶ 17} "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
{ ¶ 18} "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine custody of the child under [R.C.] 3127.21 or 3127.22 * * * or a similar statute enacted by another state.
{ ¶ 19} "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section."
{ ¶ 20} Under the circumstances, it is uncontraverted that the home state of the children is Louisiana. Moreover, during the pendency of the proceedings below, appellee filed for divorce and custody of the children in their home state of Louisiana; as such, the children's home state did possess jurisdiction over them while the instant matter was in its initial stages of litigation. Given these conclusions, neither R.C.3127.15(A)(3) nor (4) apply.
{ ¶ 21} Appellant does not dispute the foregoing conclusion. Rather, she argues the criteria set forth in R.C. 3127.15(A) do not apply to the instant matter because the original ex parte complaint was filed under purported circumstances of emergency. Hence, in appellant's view, R.C.3127.18(A), the statute governing "temporary emergency jurisdiction" applies which, standing alone, does not require consideration of the children's home state. That statute reads, in relevant part:
{ ¶ 22} "(A) A court of this state has temporary emergency jurisdiction if a child is present in this state and either of the following applies:
{ ¶ 23} "(1) The child has been abandoned.
{ ¶ 24} "(2) It is necessary in an emergency to protect the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."
{ ¶ 25} "(B) If there is no previous child custody determination that is entitled to be enforced under this chapter and a child custodyproceeding has not been commenced in a court of a state havingjurisdiction under [R.C] 3127.15 to 3127.17 * * * or a similar statute ofanother state, a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under [R.C.] 3127.15 to 3127.17 * * * or a similar statute of another state.* * *" (Emphasis added)
{ ¶ 26} Pursuant to R.C. 3127.18(A)(2), the court properly exercised jurisdiction over the complaint for ex parte custody. However, during the pendency of the proceedings below, a child custody proceeding commenced in Louisiana, i.e., the children's home state. Thus, pursuant R.C. 3127.18(B), it would appear the trial court was divested of its temporary emergency jurisdiction upon the commencement of the proceedings in Louisiana.
{ ¶ 27} Appellant contends, however, no proceedings had "commenced" within the meaning of R.C. 3127.18(B) because, at the time she filed her "complaint for ex parte custody," there was no pre-existing proceeding. In effect, appellant asserts that a proceeding has not "commenced" within the meaning of the statute unless it was filed prior to the time she filed her ex parte complaint. We disagree.
{ ¶ 28} There is nothing in the statute to suggest a proceeding must pre-date the filing of an emergency complaint in order for it to have legitimately "commenced" for purposes of R.C. 3127.18(B). According to R.C. 3127.01(B)(5), "'[c]ommencement' means the filing of the first pleading in a proceeding." Here, appellee filed her complaint for divorce and custody on December 13, 2005. We believe, consequently, appellee "commenced" a child custody proceeding in a state that had jurisdiction consequently nullifying the temporary order and stripping the lower court of jurisdiction over the matter. Therefore, the trial court acted properly in considering the children's home state in proceedings below.
{ ¶ 29} Appellant next argues that the trial court erred in failing to hold an evidentiary hearing on the merits of the alleged emergency situation prior to dismissing the action for lack of jurisdiction. Again, we disagree.
{ ¶ 30} As indicated supra, in a custody case, a court is required to address a party's jurisdictional challenge expeditiously. See, R.C.3127.06. Thus, once the jurisdictional issue was raised, the court properly granted the parties leave to brief the issue of jurisdiction. Upon submission of the briefs, the magistrate made the following findings:
{ ¶ 31} "1) These children reside in the state of Louisiana[.]
{ ¶ 32} "2) This [sic] children were located within this jurisdiction (Trumbull County, Ohio) for the sole purpose of visiting the petitioner for the summer of 2005 (May — August) with the understanding that they would be returned to their home in Louisiana.
{ ¶ 33} "3) Within a few days of these children's scheduled return, one of the children allegedly informed petitioner that their mother (respondent) was and is a drug user and requested that she not be sent back home.
{ ¶ 34} "4) This motion was granted on a temporary basis, based primarily on paternal grandmother's affidavit which does not present an `emergency.'
{ ¶ 35} "5) Even if [there were an] `emergency,' this matter should either be dismissed or transferred because Ohio is not the home state of the children and Louisiana has accepted jurisdiction which it has always possessed. See UCCJEA[.]
{ ¶ 36} "6) There exists a divorce action which is pending in the Parish of Tammany, State of Louisiana involving the parents of these children and the children named in this action are subject to the jurisdiction of said Louisiana court."
{ ¶ 37} Based upon the foregoing findings, the magistrate ordered that the ex parte complaint be dismissed and the children be returned to their mother. The trial court subsequently adopted the magistrate's conclusion.
{ ¶ 38} We believe the findings support the court's decision and, accordingly, there was no abuse of discretion. The court was required to give the jurisdictional challenge calendar priority. Once the court determined it did not possess jurisdiction over the children, it did not possess the power to entertain the merits of appellant's complaint. Therefore, we hold the trial court did not err in failing to hold an evidentiary hearing on the merits of her ex parte emergency custody complaint.
{ ¶ 39} Finally, appellant contends the trial court committed plain error by failing to communicate with the Louisiana court regarding the pending child custody proceeding pursuant to R.C. 3127.18(D).
{ ¶ 40} Generally, an objection is necessary to preserve an error for appeal. Slaby v. Boyle (June 18, 1999), 11th Dist. No. 97-A-0086, 1999 Ohio App. LEXIS 2807, 11. Appellant's counsel did not file an objection addressing the instant issue. Thus, we are constrained to review this argument for plain error. "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." Goldfuss v.Davidson, 79 Ohio St.3d 116, 121, 1997-Ohio-401.
{ ¶ 41} R.C. 3127.18(D) provides:
{ ¶ 42} "A court of this state that has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of a state having jurisdiction under [R.C.] 3127.15 to 3127.17 * * * or a similar statute of another state, shall immediately communicate with the other court. A court of this state that is exercising jurisdiction pursuant to [R.C.] 3127.15 to 3127.17 * * * upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of another state under a statute similar to this section, shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order."
{ ¶ 43} We first point out that, while there is no evidence in the record to indicate the trial court communicated with the Louisiana court to "resolve the emergency," the magistrate's decision concluded that, given the allegations, there was no statutory "emergency."[1] In this respect, R.C. 3127.18(D) has no application and appellant's argument lacks merit.
{ ¶ 44} However, notwithstanding the foregoing conclusion, it is worth pointing out that appellant averred in her affidavit that Trumbull County Children Services Board ("TCCSB") interviewed the children on August 11, 2005 regarding the alleged drug use occurring in their home in Louisiana. Appellant further stated that the caseworker, Mr. Brian Bartlett, was concerned about the information disclosed by the children. Mr. Bartlett assured appellant he would disclose the information to the Children Services Agency in Louisiana. As such, even though there was no "emergency," it appears TCCSB has made (or intends to make) an effort to contact its Louisiana corollary regarding appellant's concerns.
{ ¶ 45} In sum, we believe the trial court properly dismissed the complaint owing to Louisiana's assertion of jurisdiction over the issue of the children's custody. Thus, appellant's argument lacks merit.
{ ¶ 46} Appellant's sole assignment of error is overruled.
{ ¶ 47} For the reasons set forth above, the judgment of the Trumbull County Court of Common Pleas Division of Domestic Relations, Juvenile Division is affirmed.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur.
[1] R.C. 3127.18(A) affords a court of Ohio temporary emergency jurisdiction if (1) the child has been abandoned or (2) it is necessary in an emergency to protect the child because he or she is subjected to or threatened with mistreatment or abuse. Here there were no specific allegations of mistreatment or abuse. While appellant's complaint for ex parte emergency custody was granted on the basis of appellant's affidavit (setting forth allegations of drug use by appellee), the magistrate, in his final decision, determined that such allegations are insufficient to present an emergency as contemplated by Ohio law.